1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7   RON HOLTZ,

8                                    Plaintiff,        No. C12-5111 RJB/KLS

9          v.                                          ORDER TO AMEND OR SHOW CAUSE

10  SUSAN KARR,

11                                   Defendants.

12         This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

13  U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff has been granted leave to proceed *in*

14  *forma pauperis*.  Presently before the Court for review is Plaintiff's proposed "Civil Complaint

15  for Declaratory Relief 28 U.S.C. § 2201".  ECF No. 13.   The Court will not direct service of

16  Plaintiff's complaint at this time because it is deficient, as is explained in further detail below.

17  Plaintiff will be given an opportunity to amend his complaint.

18                                      **DISCUSSION**

19         Under the Prison Litigation Reform Act of 1995, the Court is required to screen

20  complaints brought by prisoners seeking relief against a governmental entity or officer or

21  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

22  or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

23  fail to state a claim upon which relief may be granted, or that seek monetary relief from a

24
25
26

ORDER TO AMEND OR SHOW CAUSE- 1

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*,

490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim

upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right

to relief above the speculative level, on the assumption that all the allegations in the complaint

are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

In other words, failure to present enough facts to state a claim for relief that is plausible on the

face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory

allegations of the law, unsupported conclusions, and unwarranted inferences need not be

accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply

essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of*

*Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that

amendment would be futile, however, a pro se litigant must be given the opportunity to amend

his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Plaintiff entitles his pleading "Civil Complaint for Declaratory Relief (28 U.S.C. 2201)" .

ECF No. 13.  The Declaratory Judgment Act, 28 U.S.C. 2201, does not itself confer federal

subject matter jurisdiction on this Court.  *Nationwide Mut. Ins. Co. v. Liberatore,* 408 F.3d 1158

(9th Cir. 2005).  Therefore, this Court cannot consider Plaintiff's claims as they are currently

ORDER TO AMEND OR SHOW CAUSE- 2

characterized.  However, the Court is required to liberally construe pleadings to all for

jurisdiction if it is available and to allow for formal amendment of a complaint prior to dismissal.

In his complaint, Plaintiff alleges numerous policies and conditions to which various unnamed

"detainees" are allegedly subjected and a list of "rights" that he claims Defendant Karr "owes"

him.  He then asks the Court to "declare" that Defendant Karr "owes" him those "rights".  ECF

No. 13.   To state a cause of action under § 1983, Plaintiff must allege that (1) the named

Defendants deprived him of a right secured by the Constitution or laws of the United States and

(2) that, in doing so, the Defendants acted under color of state law.  See *Flagg Bros., Inc. v.*

*Brooks,* 436 U.S. 149, 156-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).   Thus, Plaintiff must set

forth facts describing when, where and how Defendant Karr deprived him personally of a

constitutional right.

   Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff

may file an amended complaint curing, if possible, the above noted deficiencies, or show cause

explaining why this matter should not be dismissed no later than **June 22, 2012.**  If Plaintiff

chooses to amend his complaint, he must demonstrate how the conditions complained of have

resulted in a deprivation of his constitutional rights.   The complaint must allege in specific terms

how each named defendant is involved.   The amended complaint must set forth all of Plaintiff's

factual claims, causes of action, and claims for relief.  Plaintiff shall set forth his factual

allegations **in separately numbered paragraphs** and shall allege with specificity the following:

   (1)  the names of the persons who caused or personally participated in causing the

alleged deprivation of his constitutional rights;

   (2)  the dates on which the conduct of each Defendant allegedly took place; and

   (3)  the specific conduct or action Plaintiff alleges is unconstitutional.

ORDER TO AMEND OR SHOW CAUSE- 3

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  **Plaintiff is advised that he should make a short and plain statement of claims against the defendants.  He may do so by listing his complaints in separately numbered paragraphs.  He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

ORDER TO AMEND OR SHOW CAUSE- 4

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **June 22, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this   22nd   day of May, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 5