UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD HOLTZ,

        Plaintiff,

  v.

MARTHA KARR, MARVIN SPENCER, C KOLLIN, SHARLA JAMES HUTCHISON, K MILLER, BRASWELL, JUDY SNOW, DANNY OTA, M JOURNEY, RICHARD ODEGARD, PIERCE COUNTY DETENTION AND CORRECTIONS CENTER, MICHAEL KAWAMURA, RICHARD WHITEHEAD, DEPARTMENT OF ASSIGNED COUNSEL,

        Defendants.

CASE NO. C12-5111 RJB/KLS

ORDER DENYING MOTION FOR COUNSEL

    Before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 50. This is Plaintiff's second motion for counsel. His first motion (ECF No. 7) was denied. ECF No. 14, Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

### DISCUSSION

    No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

1  discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

2  appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

3  U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

4  *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

5  circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

6  the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

7  issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

8  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he

9  has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

10 articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

11 1101, 1103 (9th Cir. 2004).

12        That a *pro se* litigant may be better served with the assistance of counsel is not the test.

13 *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues

14 involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further

15 facts during litigation.  But, if all that was required to establish the complexity of the relevant

16 issues was a demonstration of the need for development of further facts, then practically all cases

17 would involve complex legal issues.  *Id.*

18        Plaintiff states that he is unable to afford counsel, that his current confinement will limit

19 his ability to litigate, that the issues are complex, that his has limited access to a law library and

20 limited knowledge of the law.  These are not exceptional circumstances.  Plaintiff also states that

21 he is severely mentally and physically disabled and is on Social Security income.  However,

22 Plaintiff filed his complaint *pro se* and has demonstrated an ability to articulate his claims *pro se*

23 in a clear fashion understandable to this Court.

24

1       Based on Plaintiff's allegations, the Court notes that this is not a complex case involving

2 complex facts or law.  In addition, Plaintiff presents no evidence to show that he is likely to

3 succeed on the merits of his case.  While Plaintiff may not have vast resources or legal training,

4 he meets the threshold for a pro se litigant.  Concerns regarding investigation, access to legal

5 resources or examination of witnesses are not exceptional factors, but are the type of difficulties

6 encountered by many pro se litigants. Plaintiff has failed in his burden to demonstrate an

7 inability to present his claims to this Court without counsel.

8       Accordingly, it is **ORDERED:**

9       (1)    Plaintiff's motion for counsel (ECF No. 50) is **DENIED.**

10      (2)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

11      **Dated** this <u>16th</u> day of November, 2012.

13                                            Karen L. Strombom

14                                            United States Magistrate Judge