UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD HOLTZ,<br><br>        Plaintiff,<br><br>  v.<br><br>MARTHA KARR, MARVIN SPENCER, SGT. BRASWELL, DANNY OTA, M. JOURNEY, RICHARD ODEGARD, PIERCE COUNTY, PIERCE COUNTY SHERIFF DEPARTMENT, PAT KELLY, VINCENT GOLDSMITH, MARY SCOTT, CHARLA JAMES-HUTCHISON,<br><br>        Defendants. | CASE NO. C12-5111 RJB-KLS<br><br>ORDER DENYING THIRD MOTION FOR COUNSEL |

Before the Court is Plaintiff's third motion for the appointment of counsel. Dkt. 114. Plaintiff's previous motions (Dkts. 7 and 50) were denied (Dkts, 14 and 52). Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

This case is proceeding on Plaintiff's Amended Complaint. Dkt. 80. Following adjudication of the Defendants' second motion to dismiss (Dkt. 90), the only defendant remaining in this case is Pierce County and the only claim remaining in this case relates to Plaintiff's allegations that the policies of the Pierce County Detention Center violated his religious rights. Dkt. 104.

Plaintiff states that he has been unable to find counsel to take his case, his case is complex, and he has limited access to experts and witnesses outside of his facility. Plaintiff also states that he is mentally and physically disabled and experiences constant side-effects from his

1 medications.  However, Plaintiff filed his complaint *pro se* and has demonstrated an ability to
2 articulate his claims *pro se* in a clear fashion understandable to this Court.  In fact, Plaintiff has
3 defended two motions to dismiss.   Based on Plaintiff's allegations, the Court notes that this is
4 not a complex case involving complex facts or law.  In addition, Plaintiff presents no evidence to
5 show that he is likely to succeed on the merits of his case.  While Plaintiff may not have vast
6 resources or legal training, he meets the threshold for a pro se litigant.  Concerns regarding
7 investigation, access to legal resources or examination of witnesses are not exceptional factors,
8 but are the type of difficulties encountered by many pro se litigants. Plaintiff has failed in his
9 burden to demonstrate an inability to present his claims to this Court without counsel.

10       Accordingly, it is **ORDERED:**

11       (1)    Plaintiff's third motion for counsel (Dkt. 114) is **DENIED.**

12       (2)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

13       **Dated** this 6th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING THIRD MOTION FOR
COUNSEL- 3