UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD HOLTZ,<br><br>                        Plaintiff,<br><br>    v.<br><br>MARTHA KARR, MARVIN SPENCER, SGT. BRASWELL, DANNY OTA, M. JOURNEY, RICHARD ODEGARD, PIERCE COUNTY, PIERCE COUNTY SHERIFF DEPARTMENT, PAT KELLY, VINCENT GOLDSMITH, MARY SCOTT, CHARLA JAMES-HUTCHISON,<br><br>                        Defendants. | No. C12-5111 RJB/KLS<br><br>**ORDER DENYING MOTION FOR DEPOSITIONS OF WITNESSES** |

Before the Court is Plaintiff Ronald Holtz's Notice of Request for Depositions of Witnesses, requesting that the "Defendant and/or the Court" arrange for the depositions of several individuals. Dkt. 116. The only defendant remaining in this case is Pierce County and the only claim remaining in this case relates to Plaintiff's allegations that the policies of the Pierce County Detention Center violated his religious rights. *See* Dkt. 110, p. 2. The discovery deadline expired on September 19, 2014. Dkt. 105. Mr. Holtz's motion shall be denied for the reasons set forth below.

Mr. Holtz's request for deposition discovery is not timely. Pursuant to the Court's Order dated March 31, 2014, all discovery was to be completed by September 19, 2014. Dkt. 105. Mr.

ORDER - 1

Holtz's motion was filed on September 11, 2014. Dkt. 116. He did not seek an extension of the discovery deadline. Moreover, an extension of the discovery deadline is granted for good cause only. *See,* Fed. R. Civ. P. 16(b)(4). Any request for such an extension must explain what discovery is sought, why the discovery sought is relevant to the claims herein, and why the discovery was not previously sought within the deadline set by the Court.

In addition, Mr. Holtz failed to coordinate his discovery requests with counsel for defendant. Pursuant to Rule 30(b)(1), a party who wants to depose a person by oral questions must give reasonable written notice to every other party. That notice must state the name of the deponent and the time and place of the deposition. Mr. Holtz must also address how he will pay the fees of the court reporter and/or videographer in addition to witness fees (*see* Fed.R.Civ.P. 45(c)). As a prisoner who is proceeding in forma pauperis, Mr. Holtz is entitled to have the government serve his complaint and to have the filing fee collected in installments under the Prison Litigation Reform Act. However, those are the sole benefits from proceeding in forma pauperis. In forma pauperis status does not waive the costs associated with litigation other than the filing fee. Mr. Holtz must pay for all other costs of litigation, including the cost of a court reporter, which can be expensive. For these reasons, it is often prudent to consider alternative and less expensive means of obtaining discovery, such as interrogatories, requests for production, and/or deposition by written questions.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for Defendants or the Court to Arrange Depositions (Dkt. 116) is **DENIED.**

//

//

ORDER - 2

(2)  The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 24th day of September, 2014.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3