UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD HOLTZ,<br><br>                Plaintiff,<br><br>  v.<br><br>MARTHA KARR, MARVIN SPENCER, SGT. BRASWELL, DANNY OTA, M. JOURNEY, RICHARD ODEGARD, PIERCE COUNTY, PIERCE COUNTY SHERIFF DEPARTMENT, PAT KELLY, VINCENT GOLDSMITH, MARY SCOTT, CHARLA  JAMES HUTCHISON,<br><br>                Defendants. | No. C12-5111 RJB-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  November 14, 2014** |

      Plaintiff Ronald Holtz filed a "Motion for Replevin Duces Tecum/Compel (Return of Legal Property)" in which he asks this Court to order Washington Corrections Center (WCC) "to immediately produce two boxes of his work product.  Dkt. 120.  Having carefully reviewed the motion and Defendants' response, the Court finds that this motion, which essentially seeks preliminary injunctive relief, should be denied as Mr. Holtz is seeking an order compelling a non-party regarding a matter lying wholly outside the issues in this action.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

In his amended complaint, Mr. Holtz claims that policies of the Pierce County Corrections and Detention Center (PCCDC) interfered with his ability to practice Islam and were religiously discriminatory. Dkt. 80, pp. 14-15. All other parties and claims included in Mr. Holtz's amended complaint have been dismissed. Dkt. 104. The next deadline in this case is the November 14, 2014 deadline for filing of dispositive motions. Dkt. 105.

In the motion requesting return of his legal property, Mr. Holtz claims that on September 21, 2014, his "main" legal box containing his work product was taken from his cell at the Stafford Creek Corrections Center (SCCC) and sent on the transfer bus to the Washington Corrections Center (WCC), where Mr. Holtz is presently housed. On September 23, 2014, the law librarian, who was to inventory the box, informed Mr. Holtz that he did not have the box. Mr. Holtz states that on September 22, 23, 24, and 25, he informed Superintendent Scott Russell and filed numerous grievances relating to missing box of materials. Dkt. 120, p. 2. Mr. Holtz attached copies of 20 kites, grievances, and other materials to his motion, but only three presumably relate to the box of legal materials that went "missing" during the transfer from SCCC. On September 24 and September 25, 2014, Mr. Holtz submitted kites and grievances, complaining that he needed access to **two** legal boxes and noted an October 20, 2014 deadline on his appeal to the Washington Supreme Court. Dkt. 120, pp. 5-6; 12-13. He was told that the librarian and CUS were to follow up on his legal concerns. *Id.*, p. 6. It is not known what, in any, follow-up occurred as Mr. Holtz filed the instant motion on September 30, 2014. *Id.*, p. 2.

Mr. Holtz seeks an order directing the WCC to "immediately produce 2 boxes of work product and grant an enlargement of time at the equivalent of days that legal property has been held." *Id.* As noted above, the WCC is not a party to this lawsuit.

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), a plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." See *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc*., 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." See *Walczak v. EPL Prolong, Inc*., 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

Mr. Holtz cannot meet this burden of persuasion. First, WCC is not nor has it ever been a party to this lawsuit. This Court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). Secondly, the issues and relief sought in Mr. Holtz's motion are completely unrelated to

REPORT AND RECOMMENDATION - 3

the sole remaining claim raised in this lawsuit.  In this lawsuit, Mr. Holtz claims that policies of the PCCDC interfered with his ability to practice Islam and were religiously discriminatory.  Dkt. 80, pp. 14-15.  In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S*., 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).  However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action.  *Id*.

## CONCLUSION

The undersigned recommends that Mr. Holtz's motion to compel/replevin (Dkt. 120) be **DENIED** because it seeks injunctive relief against a non-party and it is not based upon the claim in the underlying suit.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 14, 2014**, as noted in the caption.

DATED this  29th  day of October, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4